324 So.2d 343

**Theodore SCOTT**

**v.**

**STATE.**

**6 Div. 740.**

Court of Criminal Appeals of Alabama.

Dec. 9, 1975.

No brief for appellant.

William J. Baxley, Atty. Gen., Montgomery, and Quentin Q. Brown, Jr., Asst. Atty. Gen., Birmingham, for appellee, the State.

LEIGH M. CLARK, Supernumerary Circuit Judge.

On a trial on an indictment for murder in the first degree, the jury found defendant guilty of murder in the second degree and fixed his punishment at imprisonment in the penitentiary for fifteen years, and he was sentenced accordingly.

There were some conflicts, or conflicting tendencies, in the evidence, but as a whole, including testimony of defendant himself, the record shows that on Sunday morning October 11, 1970, a short time after 11:00 A.M., the victim, Clifford Watkins, was killed by at least two shots from a pistol fired by defendant, while the two men and Queenie Ross Parker were visiting at the home of Myrtle Whatley. Also at the home of Myrtle Whatley at the time was Marion Carpenter, her adult son. Defendant was the last to arrive, and upon his arrival he kissed Queenie, which action seemed to irritate Clifford Watkins, the deceased. He rose from his chair and started toward defendant; defendant pulled the pistol, which according to defendant he had won in a gambling game that morning, and had placed it underneath his waist band and covered it with the fold of a sweater. He said that Clifford insulted him and came toward him with a knife; that they tussled and he shot several times. One of the bullets grazed the hand of Queenie Ross Parker. She testified that one of the shots fired by defendant was after Clifford reeled and "Then Theodore shot him again in the back." She said that she did not see a knife in the hand of Clifford during the argument or fight but that "Clifford was fast with a knife" and that a knife was found in the chair after the death of Clifford. There was evidence that defendant and deceased had been drinking.

■ The evidence was ample to support the verdict of murder in the second degree, the unlawful intentional killing of a human being with malice, but without deliberation or premeditation.

The most insistent invocation made on the trial by defendant's counsel was as to a motion for a mistrial during the process of the selection of the jury to try the case.

After all jurors drawn for the trial of the particular case had been brought to the court room for the trial and had been qualified, identified, and interrogated by counsel for both sides, the following occurred:

"THE COURT: Are you gentlemen ready to commence or do you want to take a few minutes?

"MR. WAITES: We will take the jury in the box.

"MR. WILKINSON: We take exception to Mr. Waites' remarks and make a motion for a mistrial.

"THE COURT: Overruled. Ladies and gentlemen, that goes for everybody. Please disregard Mr. Waites' remarks about taking the jury in the box.

"MR. WILKINSON: In addition we move for a mistrial based upon that remark.

"THE COURT: Overruled.

"MR. WILKINSON: We except."

Thereafter, out of the presence and hearing of any of the venire, defendant's counsel renewed his motion for a mistrial and qualified the same by a request that the twelve jurors "in the box" be sent back to the jury room and that the jury for the trial be selected from the remaining twenty-four jurors and twelve other jurors to replace the twelve in the box. This motion was overruled. Thereafter the jury was selected by striking and sworn. Promptly thereafter, out of the presence and hearing of the jury, defendant's counsel again renewed his motion for a mistrial and noted that of the twelve jurors selected for the trial, seven had been seated "in the box" at the time counsel for the State had stated that he was satisfied with the jury in the box. The motion was overruled.

As the record shows, in instructing the jury to disregard the statement of State's counsel, the trial court readily recognized that the statement was out of place. In civil cases in Alabama, a jury demand does not necessarily mean a struck jury, that is, a jury selected by the process of striking. Either party may demand a struck jury and then the jury is selected by "the parties or their attorneys alternately striking one from the list until twelve are stricken off, the party demanding the jury commencing." Code of Alabama, 1973, Cumulative Pocket Part, Title 30, Section 54. With little change, such has been the process of selecting a jury in civil cases for many years. In civil cases, there can arise at times an occasion for plaintiff to make it clear whether he wants a struck jury, and, if he does not, an occasion for defendant to make it clear whether he wants a struck jury. The option is to take the jury in the box. On the other hand, in criminal cases, the practice for many years, as prescribed by statute, has been for the jury to be selected by striking, the state always striking first. Code of Alabama 1940, Title 30, Sections 60, 64. The same is true as to legislation applicable to Jefferson County, Acts 1955, 2nd Ex.Sess., p. 170, § 15. The remark of State's counsel was not consonant with established practice in criminal cases. If made understandingly, it could well be construed as an effort to put defendant's counsel on the spot or as a ploy to curry favor with the twelve jurors in the box at the expense, or to the discomfort, of defendant or defendant's counsel. If so, we do not look upon it as a mere peccadillo. We understand the grievance of defendant's counsel. However, we are confident that the action did not justify the declaration of a mistrial or a discharge, or release, of the twelve jurors in the box. The trial judge, who was in a better position than we, to assay the purpose in making the statement and the probable effect, if any, that it had upon potential and actual jurors, was well within his province in overruling the motion as originally made, and as qualified, by defendant's counsel. Many rulings were invoked by each of the parties, but almost all of them were adverse to the State. We have examined all adverse to defendant as well as the entire record, pursuant to the provisions of Title 15, Section 389, Code of Alabama 1940. We find no error prejudicial to appellant therein.

The judgment of the trial court should be affirmed.

The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby

Affirmed.

All the Judges concur.